## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JAMES A. EVANS,<br>    Plaintiff, | Case No. 1:15-cv-161 |
| | Black, J. |
| vs | Bowman, M.J. |
| GARTH FRI, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights action against defendants Garth Fri, Preston Messer, Brittney Evans, Donnie Morgan, and Nurse Laura Hart in their individual and official capacities. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched

2

as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff asserts claims of excessive force, deliberate indifference to safety, deliberate indifference to medical needs, failure to protect, and conspiracy to commit harm against defendants. (Doc. 1, Complaint at PageID 6). According to plaintiff, on November 4, 2014, defendant case manager Evans called him to her office and stated that she had "figured you out." (*Id.*). Defendants Fri and Messer then ambushed him and slammed his head into the concrete floor and desk. Plaintiff further alleges that following the incident Evans, Messer, and Fri wrote false reports against him, resulting in plaintiff being placed in isolation and a supermax referral.

As a result of the attack, plaintiff indicates that he sustained injuries to his nose and lower back, as well as ribs and pelvis fractures. He claims that defendant nurse Hart refused to provide him with x-rays or other treatment. He seeks monetary and injunctive relief.[1] (*Id.* at PageID 7).

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force

---

[1] Although plaintiff lists "injunction/TRO" in the requested relief section of the complaint, plaintiff does not specify what injunctive relief he seeks. (*See* Doc. 1, Complaint at PageID 7).

and failure to protect against defendants Fri and Messer in their individual capacities.  *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992).   Plaintiff has also stated claims for damages against defendant Hart for deliberate indifference to serious medical needs in her individual capacity.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).  At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims should be dismissed.   First, plaintiff's claims against the defendants in their official capacities must be dismissed to the extent that he seeks monetary damages.   Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.   *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974).   The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.   *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).   The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945).  A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents.  *Monell*, 436 U.S. at 690.   Thus, actions against state officials in their official capacities are included in this bar.   *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).   *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th

4

Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).   Therefore, all of the named defendants are immune from suit in their official capacities.

In addition, to the extent the complaint names Morgan as a defendant because of his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability.   See *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).   "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees."   *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).   Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act.   *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).   The mere fact that defendant is the Warden of the Southern Ohio Correctional Facility is not enough to impose liability on him under section 1983.   Therefore, plaintiff's section 1983 claims against defendant Morgan should be dismissed.

Finally, to the extent that plaintiff has generally alleged that all defendants conspired in connection with his attack and alleged lack of treatment, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff

5

failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Therefore, plaintiff's vague, unsubstantiated, and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The following causes of action alleged in the complaint be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court: (1) plaintiff's claims against all defendants in their official capacities; (2) plaintiff's claims against defendant Warden; and (3) plaintiff's conspiracy claims against all defendants.

2. It is **FURTHER RECOMMENDED** that plaintiff may proceed with his claims for damages against defendants Fri and Messer in their individual capacities for excessive force and failure to protect, and against defendant Hart in her individual capacity for deliberate indifference to serious medical needs.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Garth Fri, Preston Messer, and Laura Hart as directed by plaintiff, with costs of service to be advanced by the United States:

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for

6

consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JAMES A. EVANS,<br>　　Plaintiff, | Case No. 1:15-cv-161 |
| vs | Black, J.<br>Bowman, M.J. |
| GARTH FRI, et al.,<br>　　Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).