**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JAMES A. EVANS,<br>　　Plaintiff, | Case No. 1:15-cv-161 |
| | Black, J. |
| vs | Bowman, M.J. |
| GARTH FRI, et al.,<br>　　Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

　　Plaintiff has filed a prisoner civil rights complaint in this case against defendants Garth Fri, Preston Messer, Brittney Evans, Donnie Morgan, and Laura Hart.  (Doc. 6).

　　On April 28, 2015, the undersigned issued an Order and Report and Recommendation finding that plaintiff could proceed in this action with his individual capacity claims for excessive force and failure to protect against defendants Fri and Messer, and deliberate indifference to serious medical needs against defendant Hart.  (Doc. 7).  It was further recommended that plaintiff's remaining claims be dismissed and ordered that the United States Marshal issue service on defendants Fri, Messer, and Hart.  (*Id.*).  On March 19, 2015, the Court entered a decision adopting the Report and Recommendation.  (Doc. 12).

　　This matter is now before the Court on defendant Brittney Evans' Motion for Clarification.  (Doc. 17).  Although the Court's April 28, 2015 Order specified that service should be issued only on defendants Fri, Messer, and Hart, it appears that all defendants were inadvertently served in this action.  (*See* Doc. 8).  Evans now seeks clarification as to whether any of the claims brought against her may proceed in this action.

　　In issuing the April 28, 2015 Order and Report and Recommendation, the undersigned understood plaintiff's claims against defendant Evans to be based on a conspiracy theory and recommended that such claims be dismissed.  The Court dismissed plaintiff's claims of conspiracy after finding that "plaintiff's factual allegations are insufficient to suggest that

defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right."  (Doc. 7, p. 6).

To the extent that plaintiff also brought independent claims of failure to protect and deliberate indifference to safety against Evans, these claims should also be dismissed.  Aside from his conclusory claim that all defendants conspired in connection with his attack and alleged lack of medical treatment (which the Court has already dismissed), plaintiff's sole factual allegation against Evans is that she called him into her office without a valid reason to do so and told him that she had figured him out.  (*See* Doc. 6, Complaint at PageID 24).   Plaintiff has otherwise failed to allege facts suggesting that Evans had had anything to do with the incident, knew of a substantial risk of serious harm to plaintiff, or had an opportunity to protect him from or was deliberately indifferent to such a risk.  Accordingly, to the extent that Brittany Evans was not dismissed as a defendant in this action by virtue of the Court's March 19, 2015 Decision and Entry adopting the April 28, 2015 Report and Recommendation, plaintiff's claims against defendant Brittney Evans should now be dismissed.

**IT IS SO RECOMMENDED**.


    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES A. EVANS,  
    Plaintiff,

vs

GARTH FRI, et al.,  
    Defendants.

Case No. 1:15-cv-161

Black, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).