UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES A. EVANS, | : | Case No. 1:15-cv-161 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| GARTH FRI, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY**
**ADOPTING THE REPORT AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 42)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on February 29, 2016, submitted a Report and Recommendations.  (Doc. 42).  No objections were filed.

The Magistrate Judge recommends that the Court construe Plaintiff's *pro se* motion "To Discontinue Progress of the Complaint" (Doc. 40) as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1).  Plaintiff may dismiss by way of a notice under that rule "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1).  Here, Defendants Messer, Fri, Evans, and

Hart filed an answer on May 27, 2015. (Doc. 20).[1]  Accordingly, Plaintiff could not voluntarily dismiss his claims with a Rule 41(a)(1) notice.

The Court construes Plaintiff's motion (Doc. 40) as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).  According to that provision:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Here, no counterclaims have been pled. (*See* Doc. 20).  Further, Defendants "have no objections to a dismissal entry being journalized by the Court on whatever terms the Court deems most appropriate, either with prejudice, or alternatively, without prejudice." (Doc. 41 at 2).  The Court finds that a dismissal without prejudice is most appropriate.

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that the Report and Recommendations (Doc. 42) should be and is hereby **ADOPTED**, on the grounds set forth herein.

---

[1] Subsequently, the Court clarified that Plaintiff's claims against Defendant Evans were dismissed.  (*See* Doc. 27).

For the foregoing reasons:

1. Plaintiff's motion to discontinue (Doc. 40) is **CONSTRUED** as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2);

2. This civil action is **DISMISSED WITHOUT PREDUCICE**; and

3. The Clerk shall enter judgment accordingly, whereupon this civil action is **TERMINATED** in this Court.

**IT IS SO ORDERED**.

Date:  3/28/2016                              _/s/Timothy S. Black_____
                                              Timothy S. Black
                                              United States District Judge